**STATE OF MAINE**
**CUMBERLAND,** ss

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

OCT 16 2013

**RECEIVED**

**UNIFIED COURT**
CUMCD-CR-13-3842
WSD-cum- 10/16/2013

STATE OF MAINE,

v.

**DECISION**

ADAM LIBBY, et al.,

Defendants.

FINDINGS

1. On June 6, 2013 at 11p.m. in Pownal, Sgt. James Ambrose, Jr., a Cumberland County Sheriff's Deputy for 20 years and a sergeant for the last two and a half years, was parked at the side of a dirt road intersection working on his computer.

2. Although there was plenty of room for oncoming vehicles to pass (see Def's Exb. #1), Defendant Adam Libby chose to park his vehicle behind Sgt. Ambrose's marked SUV. Mr. Libby then walked up to the police car, knocked on the window and asked Sgt. Ambrose if he would move his car so he (Mr. Libby) could pass.

3. Sgt. Ambrose lowered his window. He observed that Mr. Libby had glassy, bloodshot eyes, slurred speech and a glazed look on his face. Sgt. Ambrose also smelled intoxicants coming from Mr. Libby's breath and noted that he was swaying back and forth.

4. Sgt. Ambrose walked to Mr. Libby's car and observed a marijuana pipe on the floor. He asked Mr. Libby if he had anything else in the car. Mr. Libby reached in and handed Sgt. Ambrose a bag of marijuana.

5. Officer Todd McGee arrived on the scene and Sgt. Ambrose asked him to have Mr. Libby perform field sobriety tests.

1

6. Officer McGee observed that Mr. Libby was barefoot and had dirty clothes. Officer McGee also observed slow speech and red, glassy eyes.

7. Officer McGee asked Mr. Libby how much he had to drink and Mr. Libby said three pints.

8. Officer McGee asked Mr. Libby to rate himself on a scale of one to ten with one being sober. Mr. Libby responded he was a three. He also admitted to smoking marijuana.

9. Mr. Libby did not do well on the alphabet test although Officer McGee cannot remember the particulars.

10. Mr. Libby was also not successful on the counting test although, once again, Officer McGee could not remember particulars.

11. Mr. Libby flunked the horizontal-gaze nystagmus test. Officer McGee observed four out of the six clues, including lack of smooth pursuit in both eyes.

12. Mr. Libby did better on the walk and turn although he did not follow instructions when he started to soon. He also performed an improper turn.

13. Mr. Libby did well on the one-legged stand.

14. After all of these observations Officer McGee and Sgt. Ambrose had ample probable cause to arrest.


## ANALYSIS

Although there was no formal stop in this case, Sgt. Ambrose had sufficient evidence to begin an O.U.I. investigation when he observed the smell of intoxicants, the red, glassy eyes, the swaying, the slurred words, together with the unusual and suspicious fact that Mr. Libby asked Sgt. Ambrose to move his police vehicle when there was plenty of room to pass.

2

These same facts would also justify a further investigation using field sobriety tests, especially since Mr. Libby admitted to Office McGee that he had consumed three pints, had smoked marijuana and was a three on the one to ten scale.

## CONCLUSION

For all the above reasons the clerk, by reference, will make the following entry on the docket.

Defendant Adam Libby's motion to suppress is denied in all respects.

Date: _10-16-13_        _W. J. Brodrick_
                                    William Brodrick
                                    Justice, Superior Court, Active Retired